546 P.2d 52

**STATE of Arizona, Appellee,**

v.

**Donald Wesley GATES, Appellant.**

**No. 1 CA–CR 1104.**

Court of Appeals of Arizona,
Division 1,
Department A.

Feb. 24, 1976.

Review Granted March 16, 1976.

Bruce E. Babbit, Atty. Gen., by William J. Schafer, III, Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by John Foreman, Deputy Public Defender, Phoenix, for appellant.

SUPPLEMENTAL OPINION

FROEB, Judge.

The appellant was convicted of a violation of A.R.S. § 13–981 (wearing a mask in the commission of a public offense, namely, indecent exposure, as prohibited by A.R.S. § 13–531). On appeal to this court, the judgment and conviction of appellant were affirmed. See *State v. Gates*, 25 Ariz.App. 241, 542 P.2d 822 (1975). As appears from the addendum to our opinion, a three-judge panel of the United States District Court for Arizona found the Arizona indecent exposure statute, A.R.S. § 13–531, unconstitutional on the ground that it is vague and overbroad. See *Attwood v. Purcell*, 402 F.Supp. 231 (CIV 75–17 PHX 1975). Since the decision of the District Court was not filed until after the present case was submitted for decision in this court, it had no part in our consideration. In fact, the unconstitutionality of A.R.S. § 13–531 was not an issue before us.

On a timely motion for rehearing, appellant now urges us to vacate his conviction and sentence by reason of the *Attwood* case. The State opposes the rehearing on several grounds.

The first is that, wholly apart from the merits of the *Attwood* case, it should be treated as prospective only in operation, relying upon *Wainwright v. Stone*, 414 U.S. 21, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973). It is to be noted that *Attwood* was an action for declaratory judgment and injunction brought against authorities charged with the enforcement of the indecent exposure statute. We agree with the State on the issue of prospective application and interpret *Attwood* as applying only to conduct occurring after

September 8, 1975. We find the language of the Supreme Court in *Wainwright* helpful, although the court in that case referred to the power of a state court in giving either prospective or retroactive effect to its own decisions:

> A state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward. It may say that decisions of its highest court, though later overruled, are law none the less for intermediate transactions. *Great Northern R. Co. v. Sunburst Oil and Refining Co.*, 287 U.S. 358, 364, 53 S.Ct. 145, 148, 77 L.Ed. 360 (1932). Contrary to the judgment of the Court of Appeals, § 800.01 was not void at the time appellees performed the acts for which they were convicted. [414 U.S. 21, 24, 94 S.Ct. 193]

In reaching the conclusion that *Attwood* is only prospective in its application, we are impressed by the fact that the Arizona Supreme Court has previously made it clear that exhibitionism is proscribed by the indecent exposure statute, A.R.S. § 13–531. See *State v. Wayman*, 104 Ariz. 125, 449 P.2d 296 (1969). We are thus not dealing here with the possibility that a person might be held "criminally responsible for conduct which he could not reasonably understand to be proscribed." *U. S. v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954).

While our determination of the question of retroactivity requires that we deny the motion for rehearing, there are also further grounds which deserve mention.

■ The *Attwood* case considered A.R.S. § 13–531 as applied to "topless dancing" and held that this was a form of expression protected by the First Amendment. Here it is not contended that the right of free expression is involved. We are therefore inclined to interpret *Attwood* as holding A.R.S. § 13–531 unconstitutional only insofar as it may be applied to conduct reasonably protected by the First Amendment. See, for a related issue, *Yauch v. State,* 109 Ariz. 576, 514 P.2d 709 (1973).

For these reasons, we do not believe that *Attwood* requires that we rehear this case on constitutional issues not previously raised in the record before this court. Beyond this, we decline further to consider the constitutionality of the Arizona indecent exposure statute.

The motion for rehearing is denied.

DONOFRIO, P. J., and OGG, J., concur.