NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ERVIN THEODORE VALANDINGHAM, JR., *Appellant.*

No. 1 CA-CR 16-0282
FILED 5-18-2017

Appeal from the Superior Court in Maricopa County
No. CR2012-123294-001
The Honorable Richard L. Nothwehr, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael Valenzuela
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Donn Kessler joined.

**J O N E S**, Judge:

¶1            Ervin Valandingham appeals his conviction and sentence for one count of forgery, arguing the trial court abused its discretion in denying his motion for mistrial.  For the following reasons, we affirm.

### FACTS[1] AND PROCEDURAL HISTORY

¶2            On a Friday evening in November 2011, Josefina P. placed a money order in her apartment complex's drop box to pay her rent.  When Josefina followed up with the complex the next day, the staff informed her they had not received her rent payment.  Thereafter, the company that issued Josefina the money order told her it had been cashed and instructed her to file a police report.

¶3            Police obtained a copy of the money order, which appeared to have been altered to list Valandingham as the payee.  When interviewed, Valandingham stated he received the money order from a man named Jose as payment for landscaping work.  Valandingham did not have an explanation for the alterations.  Nor could Valandingham provide any documentation to corroborate his story.

¶4            On the third day of a six-day jury trial, Valandingham moved for a mistrial, alleging he had been prejudiced by the Maricopa County Sheriff's Department's mishandling of his civilian clothing.  Specifically, Valandingham's counsel related how he had brought Valandingham's clothing the day of jury selection, but the deputy would not accept it because the clothing was not properly packaged.  When counsel returned, he "found the shirt on the floor in the lobby where it obviously had been trampled upon . . . [a]nd as you can see it's stained on the front."  The trial

---

[1]        "We view the evidence and all reasonable inferences therefrom in the light most favorable to sustaining the jury's verdict[]."  *State v. Miles*, 211 Ariz. 475, 476, ¶ 2 (App. 2005) (citing *State v. Riley*, 196 Ariz. 40, 42, ¶ 2 (App. 1999)).

court judge observed "three white marks from [the bench] that are the size of a 12-point typewriter setting." Accordingly, the court found Valandingham was not prejudiced thereby and denied the motion for mistrial.

¶5        On the third day of trial, Valandingham identified Josefina's son, who was named Jose, as the man who paid him for the landscaping services. He thereafter defended the charge on the theory that Jose stole his mother's money order to pay for landscaping services. Valandingham called Thomas B. as a witness to corroborate his story that the two worked a landscaping job in November 2011 and were paid by a man named Jose. Josefina's son testified he did not take his mother's money order, did not know Valandingham, and had never held a landscaping job.

¶6        The jury found Valandingham guilty of forgery, and, after Valandingham admitted two historical prior felony convictions, the trial court sentenced him as a non-dangerous, repetitive offender to an aggravated term of twelve years' imprisonment. In response to a petition for post-conviction relief, the court allowed Valandingham to file a delayed notice of appeal. Valandingham timely complied, and this Court has jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1),[2] 13-4031, and -4033(A)(1).

## DISCUSSION

¶7        Valandingham argues the trial court abused its discretion in denying his motion for mistrial, asserting he was deprived his "garb of innocence" for trial. "We review the denial of a motion for mistrial for [an] abuse of discretion." *State v. Hardy*, 230 Ariz. 281, 292, ¶ 52 (2012) (citing *State v. Speer*, 221 Ariz. 449, 462, ¶ 72 (2009)). "[B]ecause the trial judge is aware of the atmosphere of the trial, the circumstances surrounding the incident, the manner in which any objectionable statement was made, and the possible effect on the jury and the trial," the decision on a motion for mistrial "will be reversed only if it is clearly injurious." *State v. Williams*, 209 Ariz. 228, 239, ¶ 47 (App. 2004) (internal quotation and citations omitted).

¶8        Without question, a criminal defendant has the right "to appear in civilian clothing and be free from visible restraints in the courtroom during trial." *Hardy*, 230 Ariz. at 292, ¶ 54 (citations omitted).

---

[2]        Absent material changes from the relevant date, we cite a statute's current version.

Thus, a defendant may not be compelled to appear before a jury in prison attire. *State v. Garcia-Contreras*, 191 Ariz. 144, 146-47, ¶ 8 (1998) (citing *Estelle v. Williams*, 425 U.S. 501, 512 (1976), and *State v. Jeffers*, 135 Ariz. 404, 416 (1983)). However, violation of these rights does not entitle that defendant to a new trial absent a showing of actual prejudice. *See Hardy*, 230 Ariz. at 292, ¶ 54.

**¶9** Valandingham does not allege, and the record does not indicate, he was forced to wear identifiable prison attire. Rather, Valandingham asserts his initial set of civilian clothing was mishandled, and he was then refused the ability to receive a second set. Valandingham contends that, as a result, he presented a dirty appearance analogous to appearing in prison attire or shackles.

**¶10** We disagree. First, the record reflects defense counsel had not complied with guidelines for safely providing clothing to defendants in custody. Second, the trial court personally inspected Valandingham's civilian clothing and preserved the inspection on the record, noting the clothing remained adequate despite a few blemishes barely detectable from the bench. On these facts, Valandingham's allegedly unkempt appearance did not undermine the presumption of innocence to the same degree as forcing him to appear in prison attire. We find no abuse of discretion.

## CONCLUSION

**¶11** Valandingham's conviction and sentence are affirmed.

