NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JESSE JAMES ABBOTT, *Appellant.*

No. 1 CA-CR 17-0061
FILED 12-14-2017

Appeal from the Superior Court in Mohave County
No. S8015CR201501152
The Honorable Steven F. Conn, Judge (Retired)

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Law Offices of Harriette P. Levitt, Tucson
By Harriette P. Levitt
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Patricia A. Orozco[1] delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Jennifer B. Campbell joined.

---

**O R O Z C O**, Judge:

¶1          Jesse James Abbott appeals his convictions and sentences for one count of conspiracy involving a dangerous drug and one count of sale of dangerous drugs (methamphetamine), both class 2 felonies.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          On October 1, 2015, a grand jury indicted Abbott for two methamphetamine-related offenses.  Count 1, conspiracy, was alleged to have occurred between January 1 and September 23, 2015, and count 15, sale of dangerous drugs (methamphetamine) was alleged to have occurred between September 17 and 18, 2015.  Count 1 charged Abbott with conspiring to possess, possess for sale, transport for sale, import into this state or offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer methamphetamine.

¶3          Trial proceeded on September 7, 2016.  Following the close of evidence, the superior court discussed the proposed jury instructions with counsel.  The court observed that the conspiracy instruction would be a "two-page instruction" because "it has ten different definitions of the various crimes."  The court also advised counsel that it intended to give an instruction it drafted which would tell the jurors that "they don't have to all 12 agree on a specific crime that the defendant conspired to commit, they just have to all each one of them individually be satisfied that the state proved beyond a reasonable doubt that he conspired to commit at least one of those offenses, and they don't all have to agree on the same one."  Following the discussion of the proposed instructions, Abbott's counsel objected to the conspiracy instruction, stating, "the jury should have to say

---

[1]     The Honorable Patricia A. Orozco, retired Judge of the Arizona Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

with specificity and decide which underlying crimes Mr. Abbott . . . supposedly conspired to commit"; however, the court rejected counsel's suggestion.

¶4        Because the State charged Abbott with conspiracy involving both a class 4 and class 2 felonies, the final jury instructions stated:

> In order to find the Defendant guilty of the crime of Conspiracy, it is not necessary that all 12 of you agree on the specific crime that the Defendant conspired to commit. However, it is necessary that each of you individually is convinced beyond a reasonable doubt that the Defendant conspired to commit at least one of the 10 crimes listed. The Defendant is entitled to a unanimous verdict on whether the crime of Conspiracy was committed but is not entitled to a unanimous verdict on the precise manner in which the crime was committed.

The guilty verdict form for count 1 gave the jury two options and the jury found as follows:

> The Defendant guilty Count 1, Conspiracy.

> Further, that the Defendant conspired to commit either Possession of Dangerous Drugs for Sale, Transportation of Dangerous Drugs for Sale, Importation of Dangerous Drugs into the State, Offer to Transport Dangerous Drugs for Sale, Offer to Import Dangerous Drugs into the State, Sale of Dangerous Drugs, Transfer of Dangerous Drugs, Offer to Sell Dangerous Drugs or Offer to Transfer Dangerous Drugs.

The nine crimes listed are all class 2 felonies. The other option given to the jury, which it rejected, was that Abbott did *not* conspire to commit one of the nine enumerated crimes, which necessarily would mean he conspired to commit possession of dangerous drugs, a class 4 felony. The jury also found Abbott guilty of count 15, sale of dangerous drugs.

¶5        The superior court found that Abbott was previously convicted of two non-historical prior felonies. Abbott was sentenced to the presumptive term of 9.25 years' imprisonment on the conspiracy charge and to the presumptive term of 15.75 years' imprisonment on the sale of dangerous drugs charge. The court ordered the terms of imprisonment to run concurrently and awarded Abbott 395 days of presentence incarceration credit. Abbott timely appealed. We have jurisdiction

pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶6**        Abbott first argues that his conspiracy conviction was the result of a duplicitous indictment.  A duplicitous indictment is "one that, on its face, alleges multiple crimes within one count."  *State v. Butler*, 230 Ariz. 465, 470, ¶ 13 (App. 2012).  "Because a duplicitous indictment alerts a defendant to the problem before trial . . . a defendant who fails to challenge a duplicitous indictment before trial waives the issue unless he can establish fundamental error."  *Id.* at ¶¶ 14–15; *see also State v. Anderson*, 210 Ariz. 327, 335–36, ¶¶ 13–18 (2005) (defendant who failed to make pretrial objection to allegedly duplicitous indictment waived argument).  To establish fundamental error, the defendant has the burden to show error that "goes to the foundation of his case, takes away a right that is essential to his defense, and is of such magnitude that he could not have received a fair trial."  *State v. Henderson*, 210 Ariz. 561, 568, ¶ 24 (2005).

**¶7**        The State does not assert that fundamental error review is applicable here.  Instead, it analyzes Abbott's argument under harmless error, as though Abbott preserved the issue for appellate review.  But our review of the record does not reveal a pretrial objection to the allegedly duplicitous indictment.   And, although on appeal Abbott vacillates between arguing a duplicitous indictment and a duplicitous charge, s*ee Butler*, 230 Ariz. at 470, ¶ 13 (A duplicitous charge is "one that alleges multiple crimes due to the presentation of evidence at trial."), he has not sufficiently developed either argument, and we may consider his argument waived, *MT Builders, L.L.C. v. Fisher Roofing, Inc.*, 219 Ariz. 297, 304 n.7, ¶ 19 (App. 2008) (arguments not developed on appeal are deemed waived).  Waiver aside, and whether we analyze Abbott's argument as asserting a duplicitous indictment (reviewing for fundamental error) or a duplicitous charge (reviewing for harmless error), his argument is meritless.

**¶8**        As he notes in his appellate brief, the superior court need not take measures to cure a duplicitous charge "in those instances in which all the separate acts that the State intends to introduce into evidence are part of a single criminal transaction."  *State v. Klokic*, 219 Ariz. 241, 244, ¶ 15 (App. 2008).  "A person who conspires to commit a number of offenses is guilty of only one conspiracy if the multiple offenses are the object of the same agreement . . . and the degree of the conspiracy shall be determined by the most serious offense conspired to."  A.R.S. § 13-1003(C).  Thus, the State's introduction of evidence to prove that Abbott conspired to commit

any one of the 10 enumerated offenses does not render the charge duplicitous. Indeed, it was the appropriate way to prove Appellant was guilty of the conspiracy as charged. *See State v. Neese*, 126 Ariz. 499, 505 (App. 1980) ("Presenting evidence of violations of different statutes does not create separate conspiracies out of one conspiracy. . . . The one agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one.").

**¶9** In *State v. Willoughby*, our supreme court was confronted with an appeal from a conspiracy conviction which had as its object offenses "murder, fraudulent schemes and artifices, armed robbery, obstructing a criminal investigation or prosecution, and filing a fraudulent insurance claim." 181 Ariz. 530, 534 (1995). In affirming the conviction, the court stated that if the conspiracy to commit the most serious offense—murder— was sufficiently supported by the trial evidence, it "need not discuss the other conspiracy allegations." *Id.* at 545, citing *State v. Ortiz*, 131 Ariz. 195, 205 (1981) ("When an indictment charges a single conspiracy with multiple objects, a conviction will stand if the prosecution proves the defendant guilty of conspiracy to commit any one of the objects.").

**¶10** Here, the evidence supported conspiracy to commit several of the class 2 felony offenses—importing, transporting, possessing for sale, and selling dangerous drugs. "[W]here a single offense may be committed in more than one way," jury unanimity is required only "as to guilt for the single crime charged." *State v. West*, 238 Ariz. 482, 494, ¶ 38 (App. 2015). The superior court repeatedly told the jury that it must be unanimous on whether Abbott was engaged in a conspiracy but it did not need to agree on which of the underlying offenses he conspired to commit. Abbott was not prejudiced by the court's correct statement of law or its refusal to require unanimity on which underlying offense(s) Abbott conspired to commit.

**¶11** Abbott next argues that there was insufficient evidence to convict him on count 15—selling dangerous drugs. We review the existence of sufficient evidence *de novo*. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at ¶ 16. "Substantial evidence," that is, "proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt," must support the jury's verdict. *Id.* Here, the State's case rested primarily on the testimony of a police informant.

¶12      The informant testified that Abbott "fronted" her a quarter ounce of methamphetamine and she was supposed to "go sell [it] off and pay him later." She took a picture of the methamphetamine, texted it to the investigating detective, and then met with the detective at which time she gave him the methamphetamine and he gave her $150. She testified that she gave Abbott the $150. Abbott challenges the informant's testimony, arguing that she "was a completely incredible witness as to this charge." It is the province of the jury, however, and not this Court, "to weigh the evidence and determine the credibility of the witnesses." *State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004).

¶13      And, Abbott attempted to undermine the veracity of the informant's story and her credibility through cross-examination. While cross-examining the detective, Abbott confirmed that the detective had not been in contact with the informant for approximately four days before she contacted him and told him Abbott had fronted her the methamphetamine. The informant also did not obtain the drugs using the standard "controlled buy" procedure of wearing a "recording device of some type," and submitting to pre- and post-buy searches of her person and vehicle. In fact, the detective admitted that, other than the informant's word, he had "nothing to say that this meth actually came from [Abbott]."

¶14      During cross-examination of the informant, she admitted to being a convicted felon and having been arrested for conspiracy and sale of methamphetamine. She reached an agreement to cooperate with police and was given five years' probation in lieu of a potential sentence of 11 years in prison. Part of her agreement included testifying against Abbott and many other individuals. If she failed to cooperate, the agreement mandated an automatic ten-year prison term. She also admitted she was using methamphetamine during the ongoing investigation of Abbott and last used at the end of October 2015. The jury, however, found the informant's version of events credible, and we will not disturb the verdict because it is supported by substantial evidence.

## CONCLUSION

¶15      For the foregoing reasons, we affirm Abbott's convictions and sentences.