NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ARSENIO CARRILLO BUSTOS, *Appellant*.

No. 1 CA-CR 18-0505
FILED 9-12-2019

Appeal from the Superior Court in Maricopa County
No. CR2014-148672-003
The Honorable Susanna C. Pineda, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Andrew C. Marcy
*Counsel for Appellant*

------

## MEMORANDUM DECISION

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Michael J. Brown joined.

------

**C A M P B E L L**, Judge:

**¶1**         Arsenio Carillo Bustos argues that insufficient evidence supports his convictions of first-degree murder and four counts of aggravated assault. We will reverse a conviction if it is not supported by substantial evidence of guilt. *State v. Ellison*, 213 Ariz. 116, 133–34, ¶ 65 (2006). Because substantial evidence supports Bustos' convictions, we affirm.

### BACKGROUND[1]

**¶2**         After watching a football game together, a group of teenaged boys walked to a nearby McDonald's. As they approached the restaurant, the boys passed Bustos and Felix German sitting in a blue truck, waiting in the drive-through line. Believing the men were staring at them, one of the boys approached the truck to confront the men. When the men appeared disinterested, the boy quickly concluded that they "didn't want to fight" and proceeded inside the restaurant with his friends.

**¶3**         A few minutes later, the boys left the restaurant and one of the boys noticed the blue truck following them slowly through the parking lot. The truck came to a stop, Bustos and German got out of the vehicle, and a verbal altercation ensued. When one of the men mentioned a gun, the boys "backed off" and everyone left the McDonald's parking lot.

**¶4**         After that heated exchange, the boys purchased other snacks and drinks at a nearby convenience store. They then walked toward one of their homes and noticed the blue truck pass them on the street. Immediately, the truck turned around and drove back toward the boys. Once the truck came to a stop, Bustos got out of the truck holding a handgun and Antonio Libert got out of the truck bed holding a rifle. The

------

[1]         We view the facts in the light most favorable to sustaining the jury's verdict. *State v. Boyston*, 231 Ariz. 539, 542, ¶ 2 n.2 (2013).

two men opened fire on the boys, who scattered in search of safety. When the smoke cleared, one boy was dead and another had been shot in the leg.

**¶5**　　　　After an 18-day jury trial, Bustos was found guilty of first-degree murder and four counts of aggravated assault. He was sentenced to prison.

## DISCUSSION

**¶6**　　　　As his sole issue on appeal, Bustos argues that insufficient evidence supports his convictions. Specifically, he contends the State failed to present reliable evidence that he was involved in the McDonald's altercation or the shooting.

**¶7**　　　　We review a claim of insufficient evidence de novo. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). Sufficient evidence may be direct or circumstantial and "is such proof that reasonable persons could accept as adequate" to "support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Borquez*, 232 Ariz. 484, 487, ¶¶ 9, 11 (App. 2013). In evaluating the sufficiency of the evidence, "we do not weigh the evidence; that is the function of the jury." *State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004).

**¶8**　　　　To support his argument, Bustos notes that the only witness who identified him as a participant in the altercation and shooting was German, the driver. Because German was likewise charged with first-degree murder and four counts of aggravated assault, but entered a testimonial plea agreement, Bustos argues that he had a "strong motive to lie to avoid a sentence of natural life."

**¶9**　　　　While it is true that none of the surviving victims could positively identify Bustos or Libert, the victims' descriptions of the front-passenger shooter as heavily tattooed with a "fade" haircut were consistent with Bustos' appearance. Likewise, Bustos' appearance was consistent with a McDonald's surveillance video that recorded two men having an altercation with the boys.

**¶10**　　　　To the extent Bustos' contends that German's testimony was unreliable, the jurors had the opportunity to determine whether his testimony, which inculpated himself as well as Bustos, was credible. Over the course of three days, German testified about the verbal altercation at McDonald's, driving Bustos to a house where he could retrieve a gun, Bustos' phone call to Libert, picking up Libert at the McDonald's parking lot, and canvassing the neighboring area in search of the boys. According

to German, when the men spotted the boys, Bustos and Libert jumped out of the truck. Although German ducked below the dashboard after the first shot was fired, he saw Bustos get out of the truck with a gun and return to the truck with a gun.

¶11 The State charged both Bustos and Libert with first-degree murder and four counts of aggravated assault. The State did not need to identify which of the men fired the shots that killed or injured two of the boys. A person is criminally liable for the conduct of another person if, acting with intent, the person aids the other person's commission of the offense. *See* A.R.S. §§ 13-301, -303. Thus, the State may prove a "defendant's criminal liability for a substantive criminal offense" by showing the defendant aided "the commission of that offense by a principal." *State v. Korovkin*, 202 Ariz. 493, 497, ¶ 12 (App. 2002).

¶12 In this case, the State provided ample evidence that two armed men got out of the truck and opened fire on the boys. The superior court instructed the jurors on accomplice liability and the evidence supported a finding that Bustos was guilty of the charged offenses, either as the principal or an accomplice. The jury heard about German's purported motivation to lie—his plea agreement capping his prison exposure to no more than 12 years if he testified truthfully at the trial against Bustos—and ultimately determined his credibility. On this record, sufficient evidence exists from which a reasonable jury could find that Bustos, acting in concert with Libert, shot the boys, placing each in apprehension of imminent physical injury, seriously injuring one, and killing another.

## CONCLUSION

¶13 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA