NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

MANUEL DURAN, JR., *Appellant.*

No. 1 CA-CR 13-0191
FILED 06-19-2014

---

Appeal from the Superior Court in Maricopa County
No. CR2011-143387-002
The Honorable Karen A. Mullins, Judge

**AFFIRMED AS CORRECTED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

-------------------------

## MEMORANDUM DECISION

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

-------------------------

**OROZCO**, Judge:

¶1        Manuel Duran, Jr. (Defendant) appeals his convictions and sentences for (1) aggravated driving or actual physical control while impaired by alcohol drugs, inhalants, or any combination thereof; (2) aggravated driving or actual physical control while there is any drug or metabolite in the person's body; and (3) possession or use of marijuana.

¶2        Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), advising this court that after a search of the entire appellate record, he found no arguable question of law that was not frivolous. Defendant was afforded the opportunity to file a supplemental brief in propria persona, but has not done so. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.2d 89, 96 (App. 1999).

¶3        Our obligation in this appeal is to review "the entire record for reversible error." *Id.*  Finding no reversible error, we affirm Defendant's convictions and sentences but modify Defendant's sentence to omit the requirement that he pay for the cost of DNA testing.

### FACTS AND PROCEDURAL HISTORY

¶4        On August 21, 2011, at approximately 11:30 p.m., City of Phoenix Police Officer Justin L. (Officer L.) was on duty and observed a vehicle fail to stop at a red traffic light, make a very wide turn crossing into opposing traffic, make several erratic lane changes, and have difficulty staying in one lane of travel.  Officer L. stopped the vehicle.

¶5        As Officer L. approached the vehicle, he smelled marijuana emanating from the vehicle.  Officer L. also noticed the driver's hands were shaking, his eyes were bloodshot and watery, and his face had a glazed and blank expression.  When asked for his identification, Defendant presented Officer L. with an Arizona identification card and immediately mentioned he would be obtaining a driver's license the

following Monday. Officer L. later verified that Defendant's driver's license was suspended at the time of the stop.

¶6 Upon questioning by Officer L., Defendant admitted that he had smoked marijuana two hours before being stopped. As Defendant exited the vehicle, Officer L. noticed Defendant had poor balance and there was a "green-leafy substance" on the bottom of his shirt in the crotch area that Officer L. identified as marijuana.

¶7 Officer L. searched the vehicle. Inside the vehicle, he found a partially smoked marijuana cigarette on the floor in front of the passenger seat, which Defendant spontaneously admitted to having thrown on the floor because he was "scared." Officer L. performed field sobriety tests on Defendant. Defendant showed multiple cues of impairment in each of the administered tests. Officer L. then arrested Defendant.

¶8 At the police station, Defendant consented to various tests, including a drug recognition exam and a blood draw. As part of the drug recognition exam, Defendant underwent a portable breath test, which registered at zero. Based on the results of the tests, Officer L.'s observations, and his own observations of Defendant, the administering officer concluded Defendant was under the influence of marijuana. Although the results of the blood draw tested indicated Defendant tested positive for marijuana and cocaine metabolite, the trial court struck in-court testimony regarding the marijuana testing; and instructed the jury to disregard the testimony regarding that portion of the test results. A lab test of the partially smoked cigarette confirmed the cigarette contained marijuana, in a usable amount.

¶9 Defendant was charged with: (1) aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs while his driver's license or privilege to drive was suspended, cancelled, revoked or refused, a class four felony; (2) aggravated driving or actual physical control with any drug or metabolite in the person's body while his driver's license or privilege to drive was suspended, cancelled, revoked or refused, a class four felony; and (3) possession or use of marijuana, a class six felony. Shortly after his indictment, the State filed motions alleging Defendant had historical priors and committed the instant offenses while on probation.

¶10 Defendant failed to appear for trial and was tried in absentia. The trial court found that Defendant was aware of the trial date,

and as such, waived his presence. The trial court instructed potential jurors that it was Defendant's right to be absent from the proceeding and his absence should not be a factor when deciding the case.

**¶11** A jury found Defendant guilty on all counts. At sentencing, the trial court found Defendant had a prior felony conviction for solicitation to commit burglary in the third degree, a class six, non-dangerous felony. The trial court sentenced Defendant to the presumptive sentence of four-and-one-half years' imprisonment for counts one and two, to be served concurrently. Moreover, the trial court ordered Defendant to serve a consecutive term of probation as to count three. Defendant received 105 days of presentence incarceration credit. Additionally, the trial court ordered Defendant to submit to DNA testing and required him to pay the cost of the testing.

**¶12** Defendant timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1 (2003), 13-4031, and -4033.A.1 (2010).

## DISCUSSION

**¶13** We review the sufficiency of the evidence "in the light most favorable to sustaining the conviction . . . ." *State v. Tison*, 129 Ariz. 546, 552, 633 P.2d 355, 361 (1981). Any reasonable inferences are resolved against the defendant. *Id.* A reversal of a conviction based on insufficiency of the evidence requires a clear showing that there is not sufficient evidence to support the jury's conclusions, under any hypothesis whatsoever. *State v. Williams*, 209 Ariz. 228, 231, ¶ 6, 99 P.3d 43, 46 (App. 2004) (stating that we will not substitute our judgment for that of the jury).

I.     Count One:  Aggravated Driving While Under the Influence

**¶14** To obtain a conviction on this count, the State needed to prove: (1) Defendant was driving or in actual physical control of a vehicle; (2) under the influence of alcohol or any drug; and (3) impaired to slightest degree; (4) while his driver's license was suspended. *See* A.R.S. §§ 28-1381.A.1 (2012) and -1383.A.1 (Supp. 2013).

**¶15** Sufficient evidence was presented to prove the first element because Defendant was in the driver's seat when Officer L. pulled over Defendant's vehicle. Likewise, the second and third elements were established by the evidence. Officer L. testified that, when he stopped

Defendant's vehicle, Defendant's hands were shaking, his eyes were bloodshot and watery, and he had a blank expression. At the police station, during a drug recognition test, Defendant displayed several signs that he was under the influence of a drug and had been driving while he was impaired to the slightest degree. Moreover, Defendant admitted he was impaired.

¶16        The fourth element was met because the State called an employee from the Arizona Department of Motor Vehicles who testified that Defendant's license was suspended at the time he was stopped.

¶17        Thus, we find sufficient evidence supports the jury's verdicts as to count one.

II.        Count Two:  Aggravated Driving While Under the Influence

¶18        Under count two, the State was required to prove:  (1) Defendant was driving or in actual physical control of a vehicle, (2) while any drug or metabolite was in his body; (3) while his license was suspended. *See id.* §§ 28-1381.A.3 (2012) and -1383.A.1. As discussed above, sufficient evidence supports the jury's verdicts as to the first and third elements of the offense. For this count, however, the jury needed to make a separate finding that Defendant was driving with an impairing drug or metabolite in his body. *See State ex rel. Montgomery v. Harris* (*Harris*), 234 Ariz. 343, 347, ¶ 24, 322 P.3d 160, 164 (2014) ("we hold that the 'metabolite' reference in § 28-1281(A)(3) is limited to any of a proscribed substance's metabolites that are capable of causing impairment.").

¶19        In this case, the jury heard evidence that based on the results from Defendant's blood drawn at the time of his arrest, Defendant tested positive for cocaine metabolite. Moreover, the jury also heard testimony, as discussed above, regarding Defendant's appearance and behavior.

¶20        Thus, we find sufficient evidence supports the jury's verdicts as to count two.

III.        Count Three:  Possession or Use of Marijuana

¶21        For count three, the State was required to prove Defendant knowingly possessed or used marijuana at the time of arrest. A.R.S. § 13-3405.A.1 (Supp. 2013). The jury heard testimony from an officer who examined the cigarette found in Defendant's vehicle at the time he was

stopped. The officer explained an examination indicated the cigarette was a marijuana cigarette of a usable amount.

**¶22** Thus, we find sufficient evidence supports the jury's verdicts as to count three.

IV. Sentencing Correction

A. Order Requiring DNA Testing

**¶23** The court ordered Defendant to submit to DNA testing and pay the cost of the testing pursuant to A.R.S. § 13-610 (Supp. 2013). While § 13-610.A authorizes the department of corrections to "secure a sufficient sample of blood or other bodily substances for [DNA] testing," the statute does not identify who should incur the costs of testing. *See, e.g., State v. Reyes*, 232 Ariz. 468, 471, ¶ 9, 307 P.3d 35, 38 (App. 2013).

**¶24** Although Defendant could be fined as part of his sentence, the trial court's order that Defendant pay the DNA testing fee was not a fine under § 13-801.A for the commission of felonies. *See id.* at 472, ¶ 13, 307 P.3d at 39. Because § 13-610 does not require Defendant to incur the cost of the DNA testing, there is no basis for the cost to be imposed. *See id.* at ¶ 14. Accordingly, we vacate the portion of the sentencing order requiring Defendant to pay for DNA testing.

B. Presentence Incarceration

**¶25** Our calculations indicate Defendant's credit for presentence incarceration should have been 102 days. The record before us indicates that, prior to sentencing Defendant was incarcerated from November 19, 2012, through March 1, 2013. We find the trial court erred in calculating Defendant's presentence incarceration credit that resulted in Defendant receiving a windfall of two days. However, because the State failed to appeal this issue, we will not disturb the sentence imposed by the court. *State v. Dawson*, 164 Ariz. 278, 282, 792 P.2d 741, 745 (1990).

**CONCLUSION**

**¶26** We have read and considered counsel's brief and have searched the entire record for reversible error. *See Leon,* 104 Ariz. at 300, 451 P.2d at 881. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. Defendant was represented by counsel at all critical stages of the proceedings and was given an opportunity to speak before sentencing. The sentences

imposed were within the statutory limits. Furthermore, based on our review of the record before us, substantial evidence supports the jury's verdicts.

**¶27** Counsel's obligations pertaining to Defendant's representation in this appeal have ended. Counsel need do no more than inform Defendant of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck,* 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Defendant has thirty days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review. Accordingly, Defendant's convictions and sentences are affirmed as corrected.



Ruth A. Willingham · Clerk of the Court
FILED: gsh