NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

VALARIE LEEANN DAWE,
*Appellant*.

No. 1 CA-CR 15-0016
FILED 2-16-2016

Appeal from the Superior Court in Maricopa County
No. 2013-003428001
The Honorable Erin Otis, Judge *pro tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Patricia A. Hubbard, Phoenix
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Maurice Portley joined.

**O R O Z C O**, Judge:

¶1 Valarie Dawe (Defendant) appeals her convictions and the resulting sentence for two counts of fraudulent schemes and artifices, and two counts of theft. Pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), Defendant's counsel filed a brief indicating that she searched the entire record, found no arguable question of law that was not frivolous and asked this court to review the record for fundamental error. Defendant was afforded the opportunity to file a supplemental brief in propria persona, but she has not done so. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2 In spring 2008, Defendant offered to prepare Victim's 2007 tax returns. Victim agreed and gave Defendant his W-2 forms. Defendant prepared and filed Victim's State of Arizona and Federal income tax returns. Thereafter, Victim's $5,216 Arizona tax refund and $9,080.82 Federal tax refund were deposited directly into Defendant's bank account. Without Victim's knowledge or consent, Defendant purchased a van in April 2008 with funds from Victim's tax refunds.

¶3 In 2009, Victim was notified that he owed approximately $14,000 for his 2007 taxes. Detective David Daniels of the City of Surprise Police Department investigated Victim's 2007 tax returns. Detective Daniels testified that Victim's wage information on the filings was correct, but several deductions on Victim's tax returns were exaggerated. Another witness also testified that Defendant admitted to altering Victim's tax returns in order to maximize the refunds.

¶4 Dawe was charged with four Counts: Count 1, fraudulent schemes and artifices, a class two felony; Count 2, theft, a class three felony; Count 3, fraudulent schemes and artifices, a class two felony; and Count 4, theft, a class three felony. The jury convicted Defendant on all four Counts. The trial court suspended imposition of sentencing, ordering five years'

probation as to all four Counts to run concurrently. As a condition of probation on Count 1, the court ordered Defendant to serve three months in the county jail. The court also imposed restitution in the amount of $14,418.89. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1, 13-4031, and -4033.A.1 (West 2015).[1] Finding no reversible error, we affirm.

**DISCUSSION**

¶5            "We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions." *State v. Powers*, 200 Ariz. 123, 124, ¶ 2 (App. 2001). A reversal of a conviction based on insufficiency of evidence requires a clear showing that there was not sufficient evidence to support the jury's conclusion under any hypothesis whatsoever. *See State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004) (noting that it is the jury's function, not the appellate courts, to weigh the evidence and determine credibility).

¶6            Counts 1 and 3 of the Indictment charged Defendant with fraudulent schemes or artifices. Under A.R.S. § 13-2310.A, "[a]ny person who, pursuant to a scheme or artifice to defraud, knowingly obtains any benefit by means of false or fraudulent pretenses, representations, promises or material omissions is guilty of a class 2 felony." The State presented sufficient evidence to support the jury's guilty verdicts. The Victim, Detective Daniels, and other witnesses testified that Defendant provided false information on Victim's State and Federal income tax returns, and the State and Federal tax refunds were deposited directly into Defendant's bank account.

¶7            Counts 2 and 4 of the Indictment charged Defendant with theft. Under A.R.S. § 13-1802.A.1, "[a] person commits theft if, without lawful authority, the person knowingly . . . controls property of another with the intent to deprive the other person of such property[.]" Theft of property "with a value of four thousand dollars or more but less than twenty-five thousand dollars is a class 3 felony." A.R.S. § 13-1802.G. The State presented sufficient evidence to support the jury's guilty verdicts for counts 2 and 4 and the finding of value over four thousand dollars. Victim

---

1            We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

testified that Defendant received the tax refunds without his knowledge, and Defendant used the refunds to purchase a van.

¶8            At the sentencing hearing, the trial court found no prior convictions.  The trial court's suspension of imposition of sentence and order of probation was proper under A.R.S. §§ 13-901 and -902.  Finally, the trial court ordered Defendant to pay restitution to Victim in the amount of $14,418.89, pursuant to A.R.S. § 13-804.A.  Because the trial court properly determined Defendant's probation and restitution, the sentence was legal.

## CONCLUSION

¶9            We have read and considered counsel's brief.  We have carefully searched the entire appellate record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 541, ¶ 49 (App. 1999).  All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.  We find substantial evidence supported the jury's guilty verdicts.  Defendant was represented by counsel at all critical stages of the proceedings.  At sentencing, Defendant and her counsel were given an opportunity to speak.  For the foregoing reasons, we affirm Defendant's convictions and sentence.

¶10           Counsel's obligations pertaining to Defendant's representation in this appeal have ended.  *See State v. Shattuck*, 140 Ariz. 582, 584 (1984).  Counsel need do nothing more than inform Defendant of the status of the appeal and her future options, unless Counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See id*. at 585.  Defendant shall have thirty days from the date of this decision to proceed, if she so desires, with an in propria persona motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

4