NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

TIMOTHY WARREN STROBLE, *Appellant.*

No. 1 CA-CR 15-0221
FILED 2-25-2016

---

Appeal from the Superior Court in Maricopa County
No. CR2012-008428-001
The Honorable Rosa Mroz, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Janelle A. McEachern, Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

Timothy Warren Stroble, Tucson
*Appellant*

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kent E. Cattani and Judge John C. Gemmill joined.

**J O H N S E N**, Judge:

¶1        This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), by Timothy Stroble following his conviction of robbery, a Class 4 felony. Stroble's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530 (App. 1999). Stroble filed a supplemental brief identifying various issues, which we address below. After reviewing the entire record, we affirm Stroble's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶2        Stroble entered the victim's pet grooming shop and demanded money from her.[1] After the victim initially refused, Stroble became agitated, used profanity and slammed the counter with his hand. One of the victim's customers came into the shop and left $40 on the counter in payment. Stroble again demanded money of the victim, took the $40 from the counter and eventually left the shop.

¶3        A jury convicted Stroble of robbery and found two aggravating circumstances. After finding Stroble had several prior felony convictions, the superior court sentenced him to an aggravated sentence of 13 years' incarceration with 741 days of presentence incarceration credit. Stroble timely appealed. We have jurisdiction pursuant to Article 6, Section

---

[1]        Upon review, we view the facts in the light most favorable to sustaining the jury's verdict and resolve all inferences against Stroble. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1) (2016), 13-4031 (2016) and -4033 (2016).[2]

## DISCUSSION

### A.     Issues Raised in Supplemental Brief.

#### 1.     Sufficiency of the evidence.

**¶4**          Stroble challenges the sufficiency of the evidence, arguing the State failed to offer evidence aside from the victim's testimony.  Stroble provides no legal authority, however, to support his argument that a victim's testimony may not be sufficient evidence, by itself, to support a conviction.  "[A] conviction may be based on the uncorroborated testimony of the victim unless the story is physically impossible or so incredible that no reasonable person could believe it." *State v. Munoz*, 114 Ariz. 466, 469 (App. 1976).  The record here contains sufficient evidence, recounted above, to support Stroble's conviction.  The State presented the testimony of the victim, who recounted Stroble's threatening behavior.  The victim testified she told Stroble she had no money to give him and testified she felt threatened when his behavior became increasingly aggressive.  No evidence before the jury contradicted the victim's version of events.  On appeal, we will not reweigh the evidence. *State v. Tison*, 129 Ariz. 546, 552 (1981).  To warrant reversal, there must be a complete lack of probative evidence supporting the verdict. *State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004).  The record plainly contains sufficient evidence to support Stroble's conviction.

**¶5**          Stroble also argues the superior court erred when it failed to grant his Rule 20 motion for a judgment of acquittal.  In this argument, Stroble essentially re-argues his contention that the State offered insufficient evidence to support the conviction.  For the reasons stated above, the court did not err by denying Stroble's Rule 20 motion.

#### 2.     Ineffective assistance of counsel.

**¶6**          Stroble also argues his trial counsel was ineffective.  In a direct appeal, this court will not consider a claim of ineffective assistance of counsel; that is an issue only for a Rule 32 post-conviction proceeding. *State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20 (2007).

---

[2]     Absent material revision after the date of an alleged offense, we cite a statute's current version.

### 3. Grand jury proceedings.

¶7 Stroble also argues there was exculpatory evidence that should have been presented to the grand jury that indicted him. Pursuant to Arizona Rule of Criminal Procedure 12.9, however, challenges to grand jury proceedings must be brought within 25 days after arraignment or after the certified transcript and minutes are filed. Ariz. R. Crim. P. 12.9(b). Accordingly, Stroble's challenge to the grand jury proceedings is untimely and will not be considered. *See State v. Smith*, 123 Ariz. 243, 248 (1979) ("A defendant waives his objections to the grand jury proceeding by failing to comply with the timeliness requirement.").

### 4. Timeliness of the complaint.

¶8 Finally, Stroble argues that pursuant to Arizona Rule of Criminal Procedure 4.1(b), he should have been released from custody after the State failed to file a complaint within 48 hours of his initial appearance. As Stroble raises this issue for the first time on appeal, we review it for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005).

¶9 Rule 4.1(b) provides, "If a complaint is not filed within 48 hours from the time of the initial appearance . . . the defendant shall be released[.]" Ariz. R. Crim. P. 4.1(b). Stroble was charged by grand jury indictment. Pursuant to Arizona Rule of Criminal Procedure 2.2(a), a felony action may be commenced "[b]y indictment, which may or may not be preceded by a complaint[.]" As the comments to the rule make clear, "[t]he filing of a complaint is neither a condition precedent to the return of an indictment, nor a bar to proceeding by indictment thereafter." Ariz. R. Crim. P. 2.2 cmt. Rule 2.2(a). Despite Stroble's argument to the contrary, given the indictment, there was no requirement that a complaint be filed. Moreover, Rule 4.1(b), which applies to defendants who are arrested without a warrant, contemplates the absence of a charging document. Not only did the superior court issue a warrant for Stroble's arrest, but there was a valid charging document in the form of an indictment at the time of his initial appearance. Furthermore, Stroble does not demonstrate how any purported procedural defect might constitute fundamental error.

## B. Due Process Review.

¶10 The record reflects Stroble received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages. The court held appropriate pretrial hearings. Pursuant to Arizona Rule of Evidence 609, the court held a hearing on Stroble's prior convictions and sanitized his prior felony convictions. It did

not conduct a voluntariness hearing; however, the record did not suggest a question about the voluntariness of Stroble's statements to police. *See State v. Smith*, 114 Ariz. 415, 419 (1977); *State v. Finn*, 111 Ariz. 271, 275 (1974).

**¶11**  The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The jury was properly comprised of 12 members with two alternates. The court properly instructed the jury on the elements of the charge, the State's burden of proof, the presumption of innocence, reasonable doubt and the necessity of a unanimous verdict. The jury returned a unanimous verdict, which was confirmed by juror polling. The court received and considered a presentence report and imposed a legal sentence for the crime of which Stroble was convicted.

## CONCLUSION

**¶12**  We have reviewed the entire record for reversible error and find none, and therefore affirm the conviction and resulting sentence. *See Leon*, 104 Ariz. at 300.

**¶13**  After the filing of this decision, defense counsel's obligations pertaining to Stroble's representation in this appeal have ended. Defense counsel need do no more than inform Stroble of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Stroble has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Stroble has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: ama