NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RICARDO HERNANDEZ, *Appellant.*

No. 1 CA-CR 15-0101
FILED 3-29-2016

Appeal from the Superior Court in Maricopa County
No.  CR2013-417494-001
The Honorable Virginia L. Richter, Judge Pro Tem

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

**G E M M I L L**, Judge:

¶1          Ricardo Hernandez appeals his conviction and sentence for aggravated assault, a domestic violence offense.  Hernandez's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), stating that she has searched the record and found no arguable question of law and requesting that this court examine the record for reversible error.  Hernandez was afforded the opportunity to file a *pro se* supplemental brief and has done so.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  For the following reasons, we affirm.

## BACKGROUND

¶2          "We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions."  *State v. Powers*, 200 Ariz. 123, 124, ¶ 2 (App. 2001).  On April 12, 2013, police were called to a home after several 911 calls reported a domestic violence altercation.  Hernandez's neighbor, Patricia G., called 911 after she witnessed Hernandez chasing his son, J.H., down the street.  Patricia G. testified that J.H. was screaming for help, saying that his father was beating his mother.  Another neighbor, Daniel K., testified that he witnessed Hernandez chasing J.R. down the street and yelling at J.H. to get back in the house.  J.H. also called 911 and reported that his dad was trying to stab his mom with a knife.

¶3          Police arrived on the scene and found T.J., Hernandez's fiancé, along with J.H. and several other children.  During an interview conducted at the scene, T.J. told police that Hernandez grabbed her by the arm and bent her hand and wrist.  She also told police that Hernandez held a knife to her throat.  Police photographs taken at the scene reveal several cuts on T.J.'s arms and a "zig-zag" cut spanning the length of her cheek and chin.

¶4          T.J. later explained that she had become angry at Hernandez during a family shopping trip.  After stopping at a liquor store to buy several vodka shots and a 40 ounce bottle of malt liquor, T.J. and Hernandez returned to their home.  Once there, the two got into an argument, which led to the altercation in question.  Contrary to what she told police on the day of the incident, T.J. testified at trial that she began hitting and pushing Hernandez and that he never pushed her or threatened her with a knife.  At trial, J.H. also contradicted his earlier statement to police by testifying that he had never seen Hernandez with a knife.

¶5         The jury found Hernandez guilty of one count of aggravated assault against T.J. and not guilty of aggravated assault against J.H.  The jury also found that the State had proven, beyond a reasonable doubt, the aggravators of emotional harm to the victim, dangerousness, commission of a domestic violence offense in the presence of a child, and that the victim and Hernandez resided and had a child together.  After a bench trial on priors, the court found Hernandez was convicted on a prior felony for aggravated drunk driving.

¶6         Despite the aggravating factors, Hernandez was sentenced to the presumptive term of 7.5 years imprisonment with credit for 650 days of presentence incarceration.  We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033.

## DISCUSSION

### I.    Hernandez's Supplemental Brief

¶7         In his supplemental brief, Hernandez argues that there was insufficient evidence to support his conviction.  Specifically, he points to T.J.'s level of intoxication at the time of the incident, argues that T.J. and J.H. fabricated their stories to police, and contends that the evidence regarding what kind of knife was used was inconsistent.

¶8         We conclude there is sufficient evidence in the record to support Hernandez's conviction.  First, the jury had the opportunity to examine all of the relevant evidence, including 911 calls and prior police interviews with J.H. and T.J.  The jury also heard evidence that T.J. had been drinking heavily at the time of the incident, and the jury was therefore able to consider in its deliberations her level of intoxication.  Second, although both T.J.'s and J.H.'s testimony contained conflicting and inconsistent elements, it was the jury's role to weigh the evidence and determine the credibility of the witnesses' statements. *See State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004). Similarly, although the jury heard conflicting evidence over whether the marks on T.J.'s face were made with a bread knife or a butter knife, there was sufficient evidence presented to support a finding that some kind of knife was used during the incident.  The record therefore supports the verdict, and we find no error.

¶9         Hernandez also argues that his defense counsel withheld important evidence from the jury and failed to utilize potentially favorable evidentiary leads.  To the extent that Hernandez is claiming ineffective

assistance of counsel, such claims must be raised in a petition for post-conviction relief under Arizona Rule of Criminal Procedure 32. *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002).

## II.    No Reversible Error

¶10        Having considered defense counsel's brief and examined the record for reversible error, *see Leon*, 104 Ariz. at 300, we find none. The evidence presented supports the conviction and the sentence imposed falls within the range permitted by law. As far as the record reveals, Hernandez was represented by counsel at all stages of the proceedings, and these proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶11        Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984), counsel's obligations in this appeal have ended. Counsel need do no more than inform Hernandez of the disposition of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. Hernandez also has thirty days from the date of this decision in which to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

## CONCLUSION

¶12        The conviction and sentence are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama

4