NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

MANUEL HERNANDEZ, *Appellant.*

No. 1 CA-CR 15-0542
FILED 11-3-2016

---

Appeal from the Superior Court in Maricopa County
No.  CR 1998-005888
The Honorable Stephen A. Gerst, Judge (Retired)

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Peter B. Swann and Judge Jon W. Thompson joined.

**O R O Z C O**, Judge:

**¶1**  Manuel Hernandez appeals his convictions and the resulting sentence for possession of dangerous drugs for sale, a class two felony; transportation of dangerous drugs, a class two felony; and misconduct involving weapons, a class four felony. Pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), Hernandez's counsel filed a brief indicating that he searched the entire record, found no arguable question of law that was not frivolous, and asked this court to review the record for fundamental error. Hernandez was afforded the opportunity to file a supplemental brief in propria persona, but he has not done so.

**¶2**  Our obligation in this appeal is to review "the entire record for reversible error." *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Finding no reversible error, we affirm Hernandez's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

**¶3**  On or about April 10, 1998, an extended undercover operation culminated in an afternoon meeting between Hernandez, two other individuals, and two undercover detectives, A. and M., for the sale of five to ten pounds of methamphetamine. One of the individuals introduced A. to Hernandez, who was sitting in a gold Cadillac with his two-year-old son. After the drug was sampled and money displayed, the parties met to complete the transaction at a different location. Hernandez showed a zip-lock freezer bag he represented as containing one pound of methamphetamine and explained the seller wanted to get some money before he could supply the remaining four to nine pounds. Some negotiation ensued, after which A. agreed to buy the one pound Hernandez offered. Phoenix Police Department arrest team moved in, arresting Hernandez and the two others. Under the driver's seat, where Hernandez was sitting, the police recovered one pound (450g) of methamphetamine and a .38 caliber semi-automatic handgun.

¶4        Hernandez was indicted with: (1) offer to sell dangerous drugs, a class two dangerous felony, a count later dismissed by the State; (2) possession of dangerous drugs for sale, a class two felony; (3) transportation of dangerous drugs, a class two felony; and (4) misconduct involving weapons, a class four felony.

¶5        Hernandez failed to appear at trial in August 2001 and the trial was held in absentia. A bench warrant was issued. Thirteen years later, in 2014, Hernandez was apprehended on the warrant.

¶6        At trial,[1] A. identified the person on the certified booking photograph as the man who he negotiated with over the sale and ultimate purchase of methamphetamine. At the time of the arrest, officers discovered a handgun Hernandez admitted belonged to him.

¶7        M. testified that she advised Hernandez of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966) and interviewed Hernandez, who asserted he carried the handgun for protection. He admitted he knew the other two individuals, but not A. Hernandez claimed that A. tossed the methamphetamine onto his lap.

¶8        A criminalist testified that he conducted drug tests and confirmed the recovered substance was 450 grams of methamphetamine. The following items were admitted into evidence: a redacted and certified booking photograph of Hernandez taken on April 10, 1998, the day he was arrested; a plastic bag containing 450 grams of methamphetamine; a plastic bag containing a .38 caliber handgun and nineteen bullets; and a plastic bag containing one black electronic measuring scale.

¶9        The jury found Hernandez guilty of: possession of dangerous drugs for sale; transportation of dangerous drugs; and misconduct involving weapons.

¶10        On July 22, 2015, Hernandez was sentenced to imprisonment for seven years for possession of dangerous drugs for sale, five years for transportation of dangerous drugs, and two and a half years for misconduct involving weapons; all three sentences to run concurrently. Hernandez was

---

[1]        Because no transcript was available from the jury trial in 2001, this court ordered a testimony reconstruction pursuant to Rule of Criminal Procedure (Rule) 31.8.f. Hernandez had the opportunity to dispute any omissions or misstatements, but he did not raise any controversy or question as to the form and content of the reconstructed record. *See id.*

fined $24,000, forfeited his weapon, and was placed on community supervision pursuant to Arizona Revised Statutes (A.R.S.) § 13-603(I).

¶11　　　Hernandez timely appealed.　We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. sections 12-120.21.A.1, 13-4031, and -4033.A.1 (West 2016).[2]

## DISCUSSION

¶12　　　"We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions." *State v. Powers*, 200 Ariz. 123, 124, ¶ 2 (App. 2001).　A reversal of a conviction based on insufficiency of evidence requires a clear showing that there was not sufficient evidence to support the jury's conclusion under any hypothesis whatsoever. *State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004).

¶13　　　The State charged Hernandez with possession of dangerous drugs for sale.　Under A.R.S. § 13-3407.A.2, "[a] person shall not knowingly [p]ossess a dangerous drug for sale."　Knowingly "means, with respect to conduct or to a circumstance described by a statute defining an offense, that a person is aware or believes that the person's conduct is of that nature or that the circumstance exists. It does not require any knowledge of the unlawfulness of the act or omission."　A.R.S. § 13-105.10.(b).　Possession "means a voluntary act if the defendant knowingly exercised dominion or control over property." A.R.S. § 13-105.34.　Sale means "an exchange for anything of value or advantage, present or prospective."　A.R.S. § 13-3401.32.　Methamphetamine is a dangerous drug.　A.R.S. § 13-3401.6.(c)(xxxviii).

¶14　　　At trial, the State presented evidence identifying Hernandez as the man who sold one pound of methamphetamine to A. by A.'s identification of a certified booking photograph taken on the day of Hernandez's arrest.　A. further testified he negotiated the sale of methamphetamine with Hernandez, who showed him what was represented as methamphetamine.　One pound of methamphetamine was found under the seat of the car where Hernandez was sitting.　A criminalist confirmed the drugs recovered as methamphetamine in a laboratory test.　Hernandez agreed to accept money for the one pound of methamphetamine.

---

[2]　　　We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

¶15 Hernandez was also charged with transportation of dangerous drugs. Under A.R.S. § 13-3407.A.7, "[a] person shall not knowingly [t]ransport for sale . . . a dangerous drug." Hernandez had the methamphetamine in his car and delivered it to A., in exchange for money.

¶16 Hernandez was further charged with misconduct involving weapons, which requires "knowingly [] [c]arrying a deadly weapon . . . concealed on his person or within his immediate control in or on a means of transportation [] [i]n the furtherance of . . . any other felony offense." A.R.S. § 13-3102.A.1.(a). A. testified the police found a .38 caliber semi-automatic handgun and two magazines containing nineteen bullets under Hernandez's seat during arrest. Additionally, M. testified Hernandez told her he carried the handgun for protection.

¶17 Based on the evidence, we find there was sufficient evidence to support the jury's verdicts.

¶18 The trial court sentenced Hernandez and gave Hernandez credit for 395 days of presentence incarceration. Because the trial court properly determined the term of imprisonment pursuant to A.R.S. §§ 13-701.C and -702.A.1 (West 1993) and it provided the correct amount of presentence incarceration credit, this was a legal sentence.

**CONCLUSION**

¶19 We have read and considered counsel's brief. We have carefully searched the entire appellate record for reversible error. *See State v. Clark*, 196 Ariz. 530, 541, ¶ 49 (App. 1999). All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. We find substantial evidence supported the guilty verdicts. Hernandez was represented by counsel at all critical stages of the proceedings. At sentencing, Hernandez and his counsel were given an opportunity to speak, and the court imposed a legal sentence. For the foregoing reasons, we affirm Hernandez's convictions and sentences.

**¶20** Counsel's obligations pertaining to Hernandez's representation in this appeal have ended. *See State v. Shattuck*, 140 Ariz. 582, 584 (1984). Counsel needs to do nothing more than inform Hernandez of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See id.* at 585. Hernandez shall have thirty days from the date of this decision to proceed, if he so desires, with an in propria persona motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA