NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DANNIKA AMBER DEANS, *Appellant*.

No. 1 CA-CR 16-0231
FILED 1-4-2017

Appeal from the Superior Court in Mohave County
No. S8015CR201401621
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco (Retired) delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

**O R O Z C O**, Judge:

¶1 Dannika Amber Deans (Defendant) appeals from her convictions and sentences for Possession of Dangerous Drugs (Methamphetamine), a class four felony (Count 1), Possession of Drug Paraphernalia (Methamphetamine), a class six felony (Count 2), and Shoplifting, a class one misdemeanor and a lesser-included offense to Organized Retail Theft charged as Count 3. Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising this Court that after a search of the entire appellate record, no arguable ground exists for reversal. Defendant was granted leave to file a supplemental brief *in propria persona*, but did not do so.

¶2 Our obligation in this appeal is to review "the entire record for reversible error." *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1, 13-4031 and -4033.A.1 (West 2016).[1] Finding no reversible error, we affirm Defendant's convictions and sentences.

## FACTS[2] AND PROCEDURAL HISTORY

¶3 Defendant selected goods at Wal-Mart and proceeded to a self-checkout. After several attempts to pay, Defendant walked out with the goods, and was stopped by Wal-Mart's loss prevention specialist.

---

[1] We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

[2] We view the evidence in the light most favorable to sustaining the convictions and resulting sentences. *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

Defendant was arrested by Officer H., who found a usable amount of methamphetamine on Defendant.

¶4        Defendant was indicted with: (1) possession of dangerous drugs (methamphetamine), a class four felony; (2) possession of dangerous paraphernalia (methamphetamine), a class six felony; and (3) organized retail theft, a class four felony.

¶5        At trial, JA, a loss prevention specialist for Wal-Mart, testified that on December 18, 2014, she personally observed Defendant proceed to a self-checkout with a cart full of merchandise; scan all items; attempt to pay by swiping one card twice, then swiping two other cards, and swiping the first card again; put all of the merchandise back in the cart; and pass all points of sale.  JA noticed the transaction was not closed out, meaning nothing was paid for.  After Defendant passed the electronic detention pillars, JA stopped Defendant in a vestibule between two exit doors.  Defendant believed her transaction went through, but JA asked her to return to the protection office with her.  A record of the transaction evidenced no Wal-Mart gift card being used.  A recording of Defendant's transaction was played to the jury.

¶6        Officer H. testified Defendant had no debit or credit card or other money with her, only various gift cards. Officer H. also testified Defendant told him the Wal-Mart gift card had no money on it.  After Officer H. arrested Defendant and read her rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), Defendant told him she "thought the card had purchased the items," although she left without a receipt.  Officer H. also searched Defendant and found "a small plastic bindle that had a white crystalline substance inside of it," which Defendant admitted was methamphetamine.  The methamphetamine weighed 0.36 grams, which is a usable amount.  Criminalist S. testified she conducted three laboratory tests on the substance and confirmed it was methamphetamine.

¶7        Defendant testified she believed she properly paid for the items with a Wal-Mart gift card, which she testified would have sufficient funds on it.  She also stated loss prevention contacted her before she walked through the electronic theft detection pillars.

¶8        The jury found Defendant guilty of possession of dangerous drugs, methamphetamine, possession of drug paraphernalia, methamphetamine, and shoplifting.  The jury found Defendant not guilty of organized retail theft.

**¶9** Defendant was sentenced to twenty-six days in jail, with credit for twenty-six days served, supervised probation for a period of two years, three hundred and sixty hours of community service work, and counseling. Defendant timely appealed.

## DISCUSSION

**¶10** "We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions." *State v. Powers*, 200 Ariz. 123, 124, ¶ 2 (App. 2001). A reversal of a conviction based on insufficiency of evidence requires a clear showing that there was not sufficient evidence to support the jury's conclusion under any hypothesis whatsoever. *State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004).

**¶11** The State charged Defendant with possession of a dangerous drug. Under A.R.S. § 13-3407.A.1, "[a] person shall not knowingly [p]ossess or use a dangerous drug." Knowingly "means, with respect to conduct or to a circumstance described by a statute defining an offense, that a person is aware or believes that the person's conduct is of that nature or that the circumstance exists. It does not require any knowledge of the unlawfulness of the act or omission." A.R.S. § 13-105.10.(b). Possession "means a voluntary act if the defendant knowingly exercised dominion or control over property." A.R.S. § 13-105.34. Methamphetamine is a dangerous drug. A.R.S. § 13-3401.6.(c)(xxxviii).

**¶12** At trial, Officer H. testified he found a crystalline substance inside a coin pocket of Defendant's pants. Officer H. testified he recognized the substance as methamphetamine due to his training and experience. Defendant also admitted the substance was methamphetamine. Criminalist S. tested the substance in a laboratory and confirmed it was methamphetamine.

**¶13** Defendant was further charged with possession of drug paraphernalia. "It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to . . . pack, repack, store, contain, [or] conceal" a dangerous drug. A.R.S. § 13-3415.A. Drug paraphernalia means "all equipment, products and materials . . . for use in . . . packaging, repackaging, storing, containing, [or] concealing" a dangerous drug. A.R.S. § 13-3415.F.2.

**¶14** At trial, Officer H. testified he found the crystalline substance on Defendant contained in a small plastic bindle. Officer H. testified Defendant admitted the content of the bindle was methamphetamine.

¶15        The jury also convicted Defendant of a lesser-included offense of shoplifting. For shoplifting, the State must prove Defendant, while in Wal-Mart, knowingly obtained Wal-Mart's goods "with the intent to deprive [Wal-Mart] of such goods by . . . [r]emoving [it] from the immediate display or from any other place within the establishment without paying the purchase price." A.R.S. § 13-1805.A.1. Defendant's intent is presumed if Defendant "[u]ses an artifice, instrument, container, device or other article to facilitate the shoplifting." A.R.S. § 13-1805.B.2.

¶16        Defendant removed multiple items from the display, and did not pay for them. Defendant used a shopping cart to collect and remove the items from Wal-Mart. Defendant was caught in Wal-Mart's vestibule, after she passed all points of sale but before she exited through the last exit doors. Defendant had no valid method of payment on her.

¶17        Based on the evidence, we find there was sufficient evidence to support the jury's verdicts. Because the trial court properly determined the sentence pursuant to A.R.S. §§ 13-701, -702, -707, -801, -802, -1805.H. and -G., and because it provided the correct amount of presentence incarceration credit, Defendant received a legal sentence.

## CONCLUSION

¶18        We have read and considered counsel's brief, carefully searched the entire record for reversible error and found none. *Clark*, 196 Ariz. at 541, ¶ 49. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the finding of guilt. Defendant was present and represented by counsel at all critical stages of the proceedings. At sentencing, Defendant and her counsel were given an opportunity to speak and the court imposed a legal sentence.

¶19        Counsel's obligations pertaining to Defendant's representation in this appeal have ended. Counsel need do nothing more than inform Defendant of the status of the appeal and her future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Defendant shall have thirty days from the date of this decision to proceed, if she so desires, with an *in propria persona* motion for reconsideration or petition for review.

¶20        For the above reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA