NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

RENE LEONEL RODRIGUEZ, *Appellant.*

No. 1 CA-CR 17-0194
FILED 8-7-2018

---

Appeal from the Superior Court in Maricopa County
No.  CR2015-147281-001
The Honorable Jay R. Adleman, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Edward F. McGee
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge Randall M. Howe joined.

_____

**C A T T A N I**, Judge:

¶1        Rene Leonel Rodriguez appeals his conviction of disorderly conduct and the resulting sentence.  Rodriguez's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous.  Rodriguez did not file a supplemental brief, but asked counsel to suggest that this court review the record for prosecutorial misconduct.  Counsel asks this court to search the record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  After reviewing the record, we affirm Rodriguez's conviction and sentence.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        U.O. and M.N. were driving to the supermarket one day in October 2015 when Rodriguez pulled out of a parking lot right in front of them, nearly causing an accident.  U.O. honked once and continued driving toward the supermarket.  Rodriguez followed and pulled up alongside them at a red light, and he pointed a semi-automatic rifle at U.O. and M.N. while mouthing "what['s] up."

¶3        Rodriguez put the rifle on his dashboard, and both cars turned left when the light turned green.  Rodriguez matched his speed to stay level with U.O. as they drove down the road, and U.O. called the police.

¶4        Rodriguez stopped next to U.O. and M.N. at another red light, where he pulled a silver handgun from a brown holster.  U.O. did not recall that Rodriguez pointed the handgun at them, but M.N. testified that he did.

¶5        Phoenix police officers arrived while Rodriguez was stopped at the intersection, and an officer saw Rodriguez put the handgun into a holster and place it on the dashboard.  Rodriguez was arrested at the scene.  Police found a loaded AK-47 rifle and a loaded semi-automatic handgun in a brown holster, both on the dashboard of Rodriguez's truck.

**¶6** The State charged Rodriguez with two counts of aggravated assault, class 3 felonies, and one count of disorderly conduct for reckless display of a firearm, a class 6 felony, all dangerous offenses. At trial, Rodriguez testified, claiming that U.O. and M.N. had almost run into him because they were speeding, and that they had then started to follow him, honking and flashing their lights. Rodriguez denied brandishing or pointing his firearms at U.O. and M.N., and he explained that he kept the weapons on his dashboard to keep them visible because he did not have a permit for concealed weapons.

**¶7** The jury acquitted Rodriguez of both counts of aggravated assault, but found him guilty of disorderly conduct and found that it was a dangerous offense. The court sentenced Rodriguez to the minimum term of 1.5 years' imprisonment with 73 days of presentence incarceration credit. Rodriguez timely appealed.

## DISCUSSION

**¶8** We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

**¶9** Rodriguez's opening brief filed by counsel presents Rodriguez's assertion that he was innocent of the offense and that the prosecutor lied to the jury and improperly impugned his character. Prosecutorial misconduct warrants reversal only if "(1) misconduct is indeed present[,] and (2) a reasonable likelihood exists that the misconduct could have affected the jury's verdict, thereby denying defendant a fair trial." *State v. Moody*, 208 Ariz. 424, 459, ¶ 145 (2004) (citation omitted). The misconduct must be "so pronounced and persistent that it permeates the entire atmosphere of the trial," rendering "the resulting conviction a denial of due process." *State v. Morris*, 215 Ariz. 324, 335, ¶ 46 (2007) (citations omitted). Here, Rodriguez suggests that the prosecutor lied to the jury, but he does not specify any purportedly false statements or false evidence presented to the jury, and our review of the record shows none. Moreover, Rodriguez's counsel had an opportunity to cross-examine the State's witnesses to point out and question any purportedly false or misleading testimony, and Rodriguez testified on his own behalf to present his version of events directly to the jury. At most, the record reflects a dispute of fact for the jury to resolve. *See State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004). Accordingly, Rodriguez has failed to show prosecutorial misconduct, much less pronounced and persistent misconduct warranting reversal.

¶10 Rodriguez was present and represented by counsel at all stages of the proceedings against him. The record reflects that the superior court afforded Rodriguez all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial was sufficient to support the jury's verdict. Rodriguez's sentence falls within the range prescribed by law, with sufficient credit given for presentence incarceration.

**CONCLUSION**

¶11 Rodriguez's conviction and sentence are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Rodriguez's representation in this appeal will end after informing Rodriguez of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Rodriguez has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA