NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RONALD ALFORD, *Appellant.*

No. 1 CA-CR 20-0054
FILED 8-13-2020

Appeal from the Superior Court in Maricopa County
No. CR2018-001921-002
The Honorable Marvin L. Davis, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia Dawn Beck
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

---

**G A S S**, Judge:

¶1 Ronald Alford filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Alford's counsel searched the record and identified no arguable, non-frivolous question of law. Counsel, therefore, asks this court to review the record for fundamental error. Alford was given an opportunity to file a supplemental brief *in propria persona*. He has not done so. Finding no error in the record, Alford's conviction and sentence are affirmed.

### FACTUAL AND PROCEDURAL HISTORY

¶2 This court views the facts in the light most favorable to sustaining the jury's verdict and resolves all reasonable inferences against Alford. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998). Because the fact finder is charged with weighing evidence and assessing witness credibility, this court will not invade those duties. *See State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004).

¶3 All American Billet (AAB) is an auto parts store in the business of selling auto parts to customers and other retailers. On April 21, 2017, a man entered AAB and inquired about a custom serpentine belt with air conditioning. He subsequently purchased a serpentine kit without air conditioning. He paid for the belt with a credit card. According to a purchase order filled out by AAB, the customer's name was Tyshon Ross.

¶4 On April 25, 2017, Alford entered AAB and spoke with an employee about converting the serpentine belt he purchased to accommodate air conditioning. Later the same day, AAB learned the April 21 credit card transaction was declined. AAB tried to contact the credit card's bank, but the phone number given was for a local college.

¶5 On May 12, 2017, Alford returned to AAB and again inquired about buying a serpentine belt. The AAB employees recognized him and called the police. Alford attempted to buy a serpentine belt with a credit card, but when asked for identification, he left. An AAB employee tried to

prevent Alford from leaving the parking lot, but Alford was able to leave before the police arrived. The AAB employees gave the police a description of the vehicle and the license plate number, which led them to Alford.

**¶6**     Alford denied he was at AAB on April 21, 2017, but three AAB employees identified him in a photographic lineup. Officers searched Alford's home, where they found a credit card reader and credit cards with different bank information printed on them but no credit card numbers. The information on the cards' magnetic strips was to various bank accounts. Further investigation determined the declined credit card from the April 21 transaction belonged to J.B., who did not know Alford and did not give him permission to use his bank card.

**¶7**     Alford was charged with one count of aggravated taking identity of another. *See* A.R.S. § 13-2009. Alford pled not guilty on the single count. Before trial, the State filed a notice of intent to use other acts evidence under Arizona Rule of Evidence 404(b). Specifically, the State sought to introduce the credit card readers and credit cards found at Alford's house. Over Alford's objection, the superior court found the evidence admissible and not unfairly prejudicial.

**¶8**     The trial lasted six days. Alford testified in his own defense. The jury found Alford guilty of aggravated taking identity of another, a class 3 felony. The State declined to do an aggravation phase. The superior court suspended the imposition of sentence and placed Alford on three years' supervised probation. Alford was ordered to pay $1,795 in restitution to AAB.

**¶9**     Alford timely appealed. This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1, 13-4031, and 13-4033.A.1.

## ANALYSIS

**¶10**     This court has read and considered counsel's brief and fully reviewed the record for reversible error, finding none. *See Leon*, 104 Ariz. at 300; *State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011).

**¶11**     All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. Alford was present for, and represented by counsel at, all critical stages of the proceedings. *See State v. Bohn*, 116 Ariz. 500, 503 (1977); *State v. Conner*, 163 Ariz. 97, 104 (1990). The jury was properly comprised of eight jurors. *See* A.R.S. § 21-102.B. The record shows no evidence of jury misconduct. The superior court properly

instructed the jury on the elements of the charged offense, the State's burden of proof, and Alford's presumed innocence. Additionally, Alford was given an opportunity to speak at sentencing, and the sentence imposed was within the statutory guidelines. *See* Ariz. R. Crim. P. 26.9, 26.10(b)(1); A.R.S. §§ 13-701.C, 13-702.

## CONCLUSION

¶12        Alford's conviction and sentence are affirmed.

¶13        Defense counsel's obligations pertaining to Alford's representation in this appeal have ended. Defense counsel need do no more than inform Alford of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

¶14        Alford has thirty days from the date of this decision to proceed, if he wishes, with an *in propia persona* petition for review. *See* Ariz. R. Crim. P. 31.21. This court, on its own motion, also grants Alford thirty days from the date of this decision to file an *in propia persona* motion for reconsideration. *See* Ariz. R. Crim. P. 31.20.



AMY M. WOOD • Clerk of the Court
FILED:    AA