NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

AVTAR SINGH GREWAL,
*Appellant.*

No. 1 CA-CR 19-0616
FILED 8-17-2021

Appeal from the Superior Court in Maricopa County
No. CR2007-006487-001
The Honorable Dean M. Fink, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson, AZ
By Jacob R. Lines
*Counsel for Appellee*

Sharmila Roy Attorney at Law, Naperville, IL
By Sharmila Roy
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Michael J. Brown joined.

W E I N Z W E I G, Judge:

¶1         Avtar Singh Grewal appeals his conviction and sentence for first degree murder. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2         We view and thus recount the facts in the light most favorable to sustaining the jury's verdict. *See State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

¶3         Grewal married the Victim in October 2005, the second marriage for both. It was a long-distance relationship. Grewal lived in Canada. The Victim lived in a Phoenix home she purchased with her first husband. Seventeen months into the marriage, the Victim talked to Grewal on the phone and told him she wanted a divorce. Grewal expressed disbelief and threatened violence, warning "you might as well kill me if you are going to tell me that you want a divorce" and "you are going to have to tell me in person."

¶4         Grewal promptly flew to Phoenix, arriving the next afternoon. The Victim picked Grewal up from the airport and drove him to her home. Later that day, Grewal strangled the Victim, left a signed confession and flew to India.

¶5         The next day, police officers responded to the Victim's home to perform a welfare check. They found the Victim's lifeless body submerged in the bathtub. They also found Grewal's signed confession. Grewal was arrested upon arrival in India, and prosecutors started the extradition process. The State charged Grewal with first-degree murder (either premeditated or felony-murder) and second-degree burglary.[1]

---

[1]         The State filed but later withdrew a notice of intent to seek the death penalty.

¶6　　　　The superior court denied Grewal's motion for judgment of acquittal under Arizona Rule of Criminal Procedure ("Rule") 20. A 12-person jury later found Grewal guilty of first-degree murder—eight jurors found him guilty of both premeditated murder and felony-murder, two found him guilty of premeditated murder alone, and two found him guilty of felony-murder alone. He was found not guilty of second-degree burglary. The superior court sentenced Grewal to natural life in prison. Grewal timely appealed. We have jurisdiction. *See* A.R.S. §§ 12-120.21(A)(1), 13-4031, -4033(A)(1).

## DISCUSSION

¶7　　　　Grewal raises several arguments on appeal. We examine and reject each in turn.

*Right to Speedy Trial*

¶8　　　　Grewal first contends the State violated his constitutional right to a speedy trial. All criminal defendants are guaranteed a speedy trial under the U.S. Constitution, Arizona Constitutions, Arizona statutes and our common law. U.S. Const. amend. VI; Ariz. Const. art. 2, § 24; Ariz. R. Crim. P. 8; *State v. Spreitz*, 190 Ariz. 129, 140 (1997); *State v. Tucker*, 133 Ariz. 304, 308 (1982) (compared to federal constitution). The right to a speedy trial is designed to "prevent oppressive pretrial incarceration," "to minimize anxiety and concern of the accused," and "to limit the possibility that the defense will be impaired." *Barker v. Wingo*, 407 U.S. 514, 532 (1972).

¶9　　　　We review the superior court's denial of a motion to dismiss an indictment based on a speedy trial violation for an abuse of discretion. *State v. Wassenaar*, 215 Ariz. 565, 571, ¶ 16 (App. 2007). We consider four factors: the length of delay, reason for delay, whether the defendant has suffered prejudice and whether the defendant has demanded a speedy trial. *Barker*, 407 U.S. at 530; *see also State v. Burkett*, 179 Ariz. 109, 114 (App. 1993).

¶10　　　　The superior court did not abuse its discretion here. Grewal's criminal prosecution has experienced frequent and extensive delays, and Grewal asserted his right to a speedy trial, but the state and federal constitutions and Arizona statutes provide no shelter to Grewal because the State did not cause the delays. Instead, Grewal's defense team sought many delays, which the superior found to be in Grewal's best interest. Mental health proceedings caused the other delays.

¶11　　　　Grewal waived any right to argue the delays occasioned by his defense team violated his right to a speedy trial. *See Spreitz*, 190 Ariz. at

3

139 (a defendant's own delays are not counted against the speedy trial right); *Barker*, 407 U.S. at 528-29. And the superior court ordered an almost two-year delay to assess Grewal's mental competency. *See* Ariz. R. Crim. P. 11.1 (describing procedures for determining competency to stand trial). Grewal benefited from this delay, which was meant to ensure his mental competence. *See State v. Amaya-Ruiz*, 166 Ariz. 152, 161 (1990).

**¶12** What is more, Grewal has shown no prejudice from the delays. *See Spreitz*, 190 Ariz. at 139-40 (prejudice is the most important factor in a *Barker* analysis). Again, Grewal's defense attorney sought most of the delays to mount an effective defense to murder charges spanning years and continents, often moving to continue trial and requesting time to pursue plea negotiations.[2] We discern no abuse of discretion. *See State v. Parker*, 231 Ariz. 391, 399, ¶¶ 17-18.

*Sufficiency of the Evidence*

**¶13** Grewal next argues the jury had insufficient evidence to convict him of felony-murder because he was not a burglar. He contends the superior court should have thus granted his motion for a judgment of acquittal under Arizona Rule of Criminal Procedure 20.1.

**¶14** We review the sufficiency of the evidence to sustain a criminal conviction de novo. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* ¶ 16 (citation omitted). The evidence may be direct or circumstantial. *Id.* A judgment of acquittal is appropriate only when "there is no substantial evidence to support a conviction." Ariz. R. Crim. P. 20(a)(1). We do not reweigh the evidence. *State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004).

**¶15** The offense of felony-murder requires proof that a defendant cause someone's death while performing another felony—here, second-degree burglary. *See* A.R.S. §§ 13-1105(A)(2), -1507(A). The jury had reasonable evidence to support Grewal's conviction, including that (1) the Victim was the sole owner and resident of her home; (2) the Victim and Grewal lived in separate countries; (3) their relationship was strained;

---

[2] The superior court found the delays were in Grewal's best interest after hearing evidence and argument. *See State v. Henry*, 176 Ariz. 569, 579 (1993) (finding no constitutional violation when the defendant's "vigorous defense" caused delays despite his personal opposition to continuances).

(4) the Victim informed Grewal she wanted a divorce over the telephone; (5) Grewal promptly flew to Arizona; (6) Grewal strangled the Victim in her Arizona home; and (7) Grewal authored a confession and (8) he fled to another nation. And again, this court will not reweigh the evidence. *Williams*, 209 Ariz. at 231, ¶ 6.

**¶16** Grewal's counterarguments are not persuasive. To begin, the jury heard and rejected Grewal's narrative and defense arguments. Moreover, the Victim did not unconditionally admit Grewal into her home. Grewal was unlawfully present in the Victim's home the moment he intended to kill the Victim. *See State v. Van Dyke*, 127 Ariz. 335, 336 (1980) ("[E]ven where the physical entry is objectively legitimate, entry will be illegal if the defendant's subjective intent is to commit a felony."). On this record, the superior court properly denied Grewal's Rule 20 motion and permitted the jury to determine guilt.

*Mental Competency*

**¶17** Grewal claims the superior court erroneously found him competent to stand trial. This court, however, affirmed that finding in a prior special action. *See Grewal v. Fink*, 1 CA-SA 18-0171 (Ariz. App. July 31, 2018) (decision order). "[O]nce an appellate court rules on a legal question, that decision is the law of that case on the issue decided in all subsequent proceedings in both trial and appellate courts provided the facts, issues and evidence remain substantially the same." *Kadish v. Ariz. State Land Dep't*, 177 Ariz. 322, 327 (App. 1993). The record does not show any change in circumstance from the special action proceeding. As a result, this Court's ruling became law of the case and cannot be challenged on appeal.

*Evidentiary Issues*

**¶18** Grewal raises a handful of evidentiary arguments on appeal. Because Grewal did not raise them at trial, we review for fundamental, prejudicial error. *See State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018).

**¶19** Grewal argues the jury erroneously heard inadmissible hearsay testimony from two witnesses—the Victim's brother and co-worker—who recounted their final conversations with the Victim. The co-worker shared details from her last call with the Victim and explained how the conversation sparked concern about the Victim's safety because Grewal told the Victim that she "might as well kill" him if she wants a divorce and warned "you are going to have to tell me in person." The Victim's brother testified to similar conversations.

¶20        We are not persuaded. First, much of this testimony was admissible to show the Victim's state of mind leading to her murder. *See* Ariz. R. Evid. 803(3) (excluding statements of the declarant's "then-existing state of mind" from the rule against hearsay); *State v. Wood*, 180 Ariz. 53, 62 (1994) ("The statements about [the victim's] fear and desire to end the relationship helped explain Defendant's motive.").

¶21        Second, hearsay admitted without objection at trial is "competent evidence admissible for all purposes" unless the hearsay evidence represents the sole proof of an essential element of the crime. *State v. McGann*, 132 Ariz. 296, 299 (1982); *accord* Ariz. R. Evid. 801(c), 802. The hearsay testimony did not represent the sole proof of an essential element here. Even without the challenged testimony, the jury would have still learned that Grewal's relationship with the Victim was volatile, Grewal traveled to Arizona upon hearing the Victim wanted a divorce and Grewal suffered suicidal ideations. Grewal has not shown fundamental error.

¶22        Grewal also argues the superior court abused its discretion in precluding expert testimony about how his mental illness impacted his courtroom demeanor. We disagree. Absent an insanity defense, Arizona law prohibits a defendant from presenting evidence of mental illness to negate mens rea. *See State v. Mott*, 187 Ariz. 536, 539-45 (1997). Grewal offers no basis or legal authority to depart from Arizona law, *see* Ariz. R. Crim. P. 31.10(a)(7)(A) (requiring appellants to provide supporting legal authority), and the expert witness was allowed to share her observations at trial. The superior court did not abuse its discretion. *See State v. Salazar-Mercado*, 234 Ariz. 590, 594, ¶ 13 (2014).

*Prosecutorial Misconduct*

¶23        Next, Grewal contends the prosecutor committed prosecutorial misconduct by "badgering" Grewal with "argumentative" questions. We review for fundamental error because Grewal did not object at trial. *State v. Murray*, 250 Ariz. 543, 548, ¶ 14 (2021) (citing *Escalante*, 245 Ariz. at 138, ¶ 1). Reversal is warranted only if the misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *State v. Hughes*, 193 Ariz. 72, 79, ¶ 26 (1998) (quotation omitted).

¶24        We are not persuaded. Given the importance of cross-examination, the "cross-examiner should be given great latitude in his questions which seek to impeach an adverse witness being examined and it is always proper to inquire as to the motive of the adverse witness in testifying and to show any matter which bears on the credibility of that

witness." *State v. Holden*, 88 Ariz. 43, 54 (1960). Even so, counsel must not abuse or harass an adverse witness. *Pool v. Superior Ct. In & For Pima Cnty.*, 139 Ariz. 98, 103 (1984). To be sure, the prosecutor here deployed a confrontational cross-examination style, but his questions remained within the proper scope of cross-examination, and he did not inject facts into evidence or exploit mental illness. *Id.* Grewal has shown no fundamental error.

## Willits *Jury Instruction*

**¶25** Grewal argues the superior court erroneously denied his motion for an adverse inference instruction under *Willits* because the State did not preserve the Victim's artificial mitral valve. We review the denial of a request for a *Willits* instruction for an abuse of discretion. *State v. Glissendorf*, 235 Ariz. 147, 150, ¶ 7 (2014).

**¶26** *Willits* authorizes the trial court to provide an adverse-inference jury instruction "when the state loses or destroys evidence that would have been useful to the defense, even if that destruction is innocent." *Id.* A defendant who seeks a *Willits* instruction "must prove that (1) the state failed to preserve material and reasonably accessible evidence that could have had a tendency to exonerate the accused, and (2) there was resulting prejudice." *Id.* at 150, ¶ 8 (quotation omitted).

**¶27** The superior court did not abuse its discretion. At a minimum, Grewal shows no prejudice. A defendant must show "the lost evidence would have been material and potentially useful to a defense theory supported by the evidence." *State v. Glissendorf*, 235 Ariz. at 150, ¶ 10. Even assuming the Victim's mitral valve was defective, no reasonable jury could conclude she died of heart disease rather than strangulation. This is especially so given Grewal's written confession.

### *Courtroom Restraints*

**¶28** And last, Grewal claims the superior court erroneously denied his request to remove physical restraints and sit between defense counsel at trial. The State must provide a case-specific security concern before a defendant is placed in "shackles or other physical restraints visible to the jury." *See Deck v. Missouri*, 544 U.S. 622, 633 (2005). The trial has discretion on matters of courtroom security. *State v. Davolt*, 207 Ariz. 191, 211, ¶ 84 (2004).

**¶29** We discern no error. First, the superior court modified Grewal's restraints here to avoid visible shackles, and Grewal provides no

evidence the jury even knew about the restraints. *See State v. Dixon*, 226 Ariz. 545, 551-52, ¶¶ 25-31 (2011) (jury must know about restraints). Second, no evidence was presented that Grewal's physical restraints otherwise harmed his ability to assist in his own defense. As for seating assignments, the superior court merely required Grewal and his attorneys to meet standard courtroom protocols.

## CONCLUSION

¶**30**      We affirm Grewal's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED:    AA